IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-CR-72-MR-WCM

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DARRIS GIBSON MOODY | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on multiple pretrial issues. This Order memorializes certain rulings made during proceedings held on October 19, 2022.

I. Background

On September 2, 2022, a criminal complaint was filed charging Darris Gibson Moody ("Defendant") with transmitting threats in interstate or foreign commerce in violation of 18 U.S.C. §875. Doc. 3.

On September 7, 2022, Defendant made her initial appearance. Defendant made various statements that suggested she did not recognize the Court's jurisdiction over her and indicated she wished to represent herself. The undersigned conducted an inquiry of Defendant in connection with her potential waiver of her right to counsel and also directed that she consult with duty counsel from the Federal Defender's Office on those matters. After doing so, Defendant requested that counsel be appointed for her and submitted a

1

financial affidavit in support of that request. Her request was granted and, subsequently, Assistant Federal Public Defender Emily Jones was assigned to represent Defendant. Further at Defendant's initial appearance, the Government moved for pretrial detention, and preliminary and detention hearings were scheduled for September 12, 2022.

When the case was called on September 12, 2022, attorney Sean Devereux made a general appearance as retained counsel for Defendant. Consequently, Ms. Jones made an oral motion to withdraw, that motion was allowed, and Ms. Jones was withdrawn as counsel of record for Defendant. Defendant waived her right to a preliminary hearing and the Court, following a contested detention hearing, denied the Government's motion for pretrial detention and directed that Defendant be released on conditions. Docs. 9, 10.

On October 4, 2022, a Bill of Indictment was filed charging Defendant with fifty-eight (58) counts of transmitting, in interstate and foreign commerce, threatening communications in violation of 18 U.S.C. §875(c) and one count of engaging in a conspiracy to commit kidnapping in violation of 18 U.S.C. §1201(c). Doc. 15.

Defendant's arraignment was scheduled for October 14, 2022.

When the case was called on October 14, 2022, the Government and defense counsel were present. However, Defendant was not present and the

Government made an oral motion for the issuance of a bench warrant.[1] The Court granted the Government's request and issued a bench warrant. Doc. 17. In addition, the Court indicated that Defendant would be required to show cause for her failure to appear.

Defendant was subsequently arrested and, on October 17, 2022, Defendant, Mr. Devereux, and the Government again appeared before the Court. Defense counsel requested that the hearings be continued to allow time for Defendant and Mr. Devereux to explore issues relating to their attorney-client relationship and the Government made an oral motion that Defendant's bond conditions be revoked due to her failure to appear at arraignment. The Court granted the motion to continue, and rescheduled the hearings for October 19, 2022, with Defendant being ordered to remain in custody.

## II. October 19, 2022 Proceedings

On October 19, 2022, the Court began by inquiring as to whether there were any concerns with respect to Defendant's competency. The Government reported that it did not have any such concerns. Mr. Devereux, though, advised that he did have questions in that regard. He also made an oral motion to withdraw. Defendant attempted to address the Court and made statements

---

[1] The Government also asked that Defendant's conditions of release be revoked, a request the undersigned interpreted as seeking the immediate revocation of Defendant's conditions. The Court, though, declined to consider an immediate revocation of Defendant's conditions at that time and without additional hearings.

similar to those she made at her initial appearance that indicated she may not recognize the Court's jurisdiction over her personally. The undersigned reminded Defendant of her right against self-incrimination and that she was currently represented by counsel who was speaking on her behalf.

In view of the issues presented by the oral motion to withdraw, the undersigned directed, over the Government's objection, that the courtroom be closed and that the record be sealed. The Court then heard from Mr. Devereux and Defendant with respect to the motion to withdraw. Afterward, the courtroom was reopened and the record was unsealed.

The undersigned advised the Government that, during the closed proceeding, Defendant had indicated she wished to represent herself and for the motion to withdraw to be allowed. The undersigned heard further from the Government and Mr. Devereux as to the motion to withdraw.

Subsequently, after considering Mr. Devereux's status as retained counsel, the potential that he could be a witness with regard to the circumstances under which Defendant failed to appear for her arraignment, and the possible need to investigate Defendant's competency, the undersigned allowed the oral motion to withdraw by Mr. Devereux, directed that duty counsel from the Federal Defender's Office, Assistant Federal Public Defender Mary Ellen Coleman who was present in the courtroom, consult with Defendant, and took a recess to provide them time to confer.

Following the recess, Ms. Coleman advised that she and Defendant had spoken, and that Defendant now wished for counsel to be appointed for her (once again). Ms. Coleman also indicated that, given her interactions with Defendant, she did not immediately have a concern with regard to Defendant's competency. She further requested that Defendant's arraignment and a hearing on the Government's motion for revocation of Defendant's bond conditions be continued for approximately one week to allow new defense counsel an opportunity to prepare.

The Government did not object to the requested continuance, though it did indicate that it was not fully convinced that Defendant would qualify for court-appointed counsel. On that point, the undersigned directed the Clerk to print a copy of the financial affidavit that Defendant had submitted previously, and provided that document to Defendant and Ms. Coleman to review. Ms. Coleman subsequently advised that while it was "complicated," Defendant's financial situation had not materially changed since she previously submitted the financial affidavit and that Ms. Coleman believed that the financial affidavit was correct. Having considered the financial affidavit and Defendant's representations (through counsel), and having reviewed 18 U.S.C. §3006A, the undersigned concluded that, based on the record before the Court at the time, Defendant's request should be allowed.

**IT IS THEREFORE ORDERED THAT:**

1. The oral motion to withdraw by Defendant's retained counsel Sean Devereaux is **GRANTED** and Mr. Devereux is **WITHDRAWN** as counsel of record for Defendant.

2. Defendant's request for appointed counsel is **GRANTED** and the Federal Defender's Office is respectfully **DIRECTED** to assign counsel for Defendant forthwith.

3. Defendant's request for a postponement of her arraignment and a hearing on the Government's motion that the conditions of her release be revoked is **GRANTED** and a hearing on these matters is rescheduled for Wednesday, October 26, 2022 at 10:15 AM.

Signed: October 20, 2022

W. Carleton Metcalf
United States Magistrate Judge