IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-CR-72-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DARRIS GIBSON MOODY | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on multiple pretrial issues. This Order memorializes certain rulings made during proceedings held on October 26, 2022.

I. Background

Information describing filings that were made and proceedings that were held from September 2, 2022 through October 19, 2022 appears in the Court's previous Order that was entered on October 20, 2022 (Doc. 24) and is not repeated here.

II. October 26, 2022 Proceedings

On October 26, 2022, Defendant appeared before the Court for an arraignment and a hearing on the Government's motion that the conditions of Defendant's release be revoked. The Government was represented by Deputy Criminal Chief Don Gast. Assistant Federal Public Defender Emily Jones appeared with Defendant.

1

### A. Competency

In response to an initial inquiry from the Court, both the Government and Ms. Jones indicated that they did not have concerns regarding Defendant's competency.

### B. Request for Self-Representation

Ms. Jones made an oral statement advising that Defendant wished to represent herself.

The Court noted that Defendant had changed her position on this issue multiple times in the past. Specifically, at her initial appearance on September 7, Defendant at first indicated she wished to represent herself but then, after speaking with duty counsel from the Federal Defender's Office, requested that counsel be appointed for her. Her request was allowed, and Ms. Jones was assigned to represent Defendant.

At Defendant's preliminary and detention hearings on September 12, Sean Devereux made a general appearance as Defendant's retained counsel. Consequently, Ms. Jones made an oral motion to withdraw, and that motion was allowed. Mr. Devereux proceeded to represent Defendant during the hearings on September 12, including a contested detention hearing, after which Defendant was released on conditions.

Subsequently, during proceedings on October 19, 2022, Mr. Devereux made an oral motion to withdraw. At that time, Defendant again stated she

wished to represent herself but, once again, after consultation with duty counsel from the Federal Defender's Office, asked that counsel be appointed for her. Her request was allowed, and Ms. Jones was again assigned to represent Defendant.

The Government did not take a position on October 26 as to whether the Court should, in light of this history, entertain Defendant's new request to represent herself.

The undersigned then proceeded to conduct an inquiry with Defendant with respect to her request. While Defendant answered some questions directly, at other times she gave answers that were not entirely responsive and made statements that indicated she does not recognize the Court's jurisdiction.

The Sixth Amendment "grants to the accused personally the right to make his defense." Faretta v. California, 422 U.S. 806, 819 (1975). "A trial court evaluating a defendant's request to represent himself must 'traverse … a thin line' between improperly allowing the defendant to proceed pro se, thereby violating his right to counsel, and improperly having the defendant proceed with counsel, thereby violating his right to self-representation." Fields v. Murray, 49 F.3d 1024, 1029 (4th Cir. 1995) (quoting Cross v. United States, 893 F.2d 1287, 1290 (11th Cir.), cert. denied, 498 U.S. 849, 111 S.Ct. 138, 112 L.Ed.2d 105 (1990)). "Because an exercise of the right of self-representation necessarily entails a waiver of the right to counsel—a defendant obviously

3

cannot enjoy both rights at trial—the exercise of the right of self-representation must be evaluated by using many of the same criteria that are applied to determine whether a defendant has waived the right to counsel. An assertion of the right of self-representation therefore must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000) (internal citations omitted).

Considering Defendant's responses during the inquiry conducted on October 26, as well as her history in this case of continually changing her position regarding whether she wishes to be represented by counsel or to represent herself, the Court concluded that Defendant had not knowingly, intelligently, voluntarily, and timely waived her right to be represented by counsel and therefore denied her request for self-representation. This denial, however, was without prejudice. The Court will not prohibit Defendant from making a further request that she be allowed to represent herself, though will impose certain requirements concerning the submission of any such request.

### C. Arraignment

The Court then arraigned Defendant on the October 4, 2022 Bill of Indictment that charges Defendant with fifty-eight (58) counts of transmitting, in interstate and foreign commerce, threatening communications in violation of 18 U.S.C. §875(c) and one count of engaging in a conspiracy to commit

4

kidnapping in violation of 18 U.S.C. §1201(c). Doc. 15.

Defendant pled not guilty and requested a jury trial as to each count. The case was placed on a trial calendar and pre-trial orders were entered.

### D. Bond Revocation

Last, the Court conducted a hearing on the Government's motion that the conditions of Defendant's release be revoked.

#### 1. Legal Standard

Pursuant to 18 U.S.C. §3148, following a proceeding for revocation of an order of release, a judicial officer is required to enter an order of revocation and detention if he or she finds that there is (A) probable cause to believe that the defendant has committed a Federal, State, or local crime while on release; or (B) clear and convincing evidence that the defendant has violated any other condition of release and if the court also finds either that (A) based on the factors in Section 3142(g), there is no condition or combination of conditions of release that will assure that the defendant will not flee or pose a danger to the safety of any other person or the community; or that the defendant is unlikely to abide by any condition or combination of conditions of release.

#### 2. Discussion

During the October 26 hearing, Defendant admitted that she failed to appear on October 14, 2022 for her scheduled arraignment, as described in a

Violation Report filed by the United States Probation Office. (Doc. 22).[1]

The Government then called Special Agent William Gang of the Federal Bureau of Investigation who testified, over defense counsel's objection, regarding his interactions with Defendant on October 14, 2022. In addition, the Government introduced, without objection, copies of a passport card and a separate identification card (Exhibit 1) that referred to Defendant as a "diplomat." Various printed words appeared on the reverse side of the identification card, including a line that read "exempt from foreign corporate/federal United States, state and municipal military jurisdictions." The Government also introduced, without objection, a multiple page document (Exhibit 2) entitled "how to sign your name without assuming liability." Further, the Government urged the Court to take into account the statements that Mr. Devereux made in open court on October 14, 2022 when Defendant did not appear for her arraignment.

Defendant did not offer any evidence, though did make certain proffers. The Government objected to these proffers, and that objection was overruled.

At the conclusion of the argument, the undersigned granted the Government's motion. This Order follows for the purpose of memorializing that

---

[1] Defendant expressly denied the portion of the Violation Report that indicated her conduct would constitute a separate crime pursuant to 18 U.S.C. §3146 and the undersigned makes no determination about that issue.

ruling.

As Defendant has admitted to failing to appear for her arraignment on October 14, 2022, clear and convincing evidence exists that she has violated a condition of her release. Consequently, the question becomes whether Defendant's conditions of release should be revoked.

In that regard, the Government argues that Defendant should be detained, while Defendant contends that she should continue to remain on pretrial release.

Some information suggests that continued release may be appropriate. Defendant has been released on conditions since her detention hearing on September 12 and, other than her failure to appear on October 14, there has been no allegation that Defendant has violated those conditions. Information regarding Defendant's competency is mixed but tends to favor release as well; while at one point Mr. Devereux indicated that he had some concern about Defendant's competency, two members of the Federal Defender's Office who have spoken with Defendant have indicated they do not have such concerns.

Other information suggests that detention is warranted. The Criminal Complaint that was originally filed against Defendant alleged that she had sent "Writs of Execution" throughout the Western District of North Carolina concerning various elected officials and private citizens, with those documents purporting to be official legal documents issued by courts in the United States.

7

During her initial appearance on September 7, Defendant made statements that suggested she did not fully recognize the authority of the Government or the Court.

Subsequently, during the arguments at Defendant's September 12 detention hearing, Defendant was present when her attorney, Mr. Devereux, contended that Defendant got "the message," did not present a risk of nonappearance, understood that she is subject to the Court's authority, and was willing to comply with any conditions of release the Court may impose.

Considering the record as a whole, it appeared to the undersigned that pretrial release was appropriate under the standards set forth in the Bail Reform Act and Defendant was released on conditions, over the Government's objection.

Subsequently, on October 4, the fifty-nine (59) count Bill of Indictment was filed against Defendant, with the final count being a charge of conspiracy to engage in kidnapping which carries a maximum possible penalty of any term of years or life.[2]

The portion of the Violation Report to which Defendant has admitted states that two days after the indictment was handed down, a deputy United States Marshal served a summons on Mr. Devereux, who at that time was

---

[2] The Government has not argued that the charges in the Bill of Indictment create a rebuttable presumption that detention is necessary.

8

Defendant's counsel of record, directing that Defendant appear at 10:00 AM on October 14, 2022.

Defendant did not appear, however. Mr. Devereux, who was present on October 14, acknowledged that at the detention hearing the Court and the Government had concerns about Defendant's risk of nonappearance and that he, on Defendant's behalf, had argued strenuously for her release. He also stated that his office had made "absolutely certain" that Defendant was aware she needed to attend court and that he had with him a legal assistant who had handed Defendant a lengthy letter explaining why she needed to appear. Additionally, he stated that voicemail and text messages had been sent to Defendant.

No evidence was presented on October 26 that contradicted Mr. Devereaux's October 14 statements or otherwise indicated that Defendant did not receive notice of her obligation to appear. Rather, her position seems to be that she was not required to appear because she, personally, did not receive the actual summons that was delivered to her counsel. Defendant, however, has submitted no authorities to support this position.

In addition, when she was subsequently arrested and brought back before the Court, Defendant made further statements indicating she does not recognize the Court's jurisdiction. Statements Defendant made during the Court's inquiry on October 26 regarding her request for self-representation

9

raised further concerns along these lines.

Finally, Special Agent Gang testified that when he and other law enforcement officers took Defendant into custody following her failure to appear on October 14, they found her at home but knocked "for a while" without a response. Before forcibly entering the home, they got the attention of Defendant's husband who was inside and allowed them to enter. Special Agent Gang testified that Defendant was on the telephone and that he had to take the phone away from Defendant to arrest her. He also testified that when he advised Defendant of why she was being arrested, she stated that the notice of her arraignment had not been served properly and that she was no longer being represented by Mr. Devereux. Special Agent Gang also testified that, while in transit to the detention facility, Defendant stated that she was "under duress" at her detention hearing.

Under these circumstances, the undersigned concludes that Defendant is unlikely to abide fully by conditions of release that may be imposed and, as a result, that detention is now warranted. Considering the resolution of the Government's motion, the undersigned will not commence show cause proceedings with regard to Defendant's failure to appear on October 14.

IT IS THEREFORE ORDERED THAT:

1. Defendant's request that she be allowed to represent herself is **DENIED WITHOUT PREJUDICE**. Should Defendant wish to renew her request for self-representation, any such request must be: 1) made by way of a written motion, with supporting authorities, that is submitted by Defendant's counsel, 2) submitted only after Defendant and her attorney have fully discussed the implications of self-representation, and 3) made no earlier than November 21, 2022.

2. The Government's request is **GRANTED**, Defendant's conditions of release are **REVOKED**, and Defendant is **REMANDED** to the custody of the United States Marshals Service pending further proceedings.

Signed: October 31, 2022

W. Carleton Metcalf
United States Magistrate Judge