IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-CR-72-MR-WCM

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DARRIS GIBSON MOODY | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court *sua sponte*. The following motions ("Motions") have been filed by Defendant:

- "Pray for Habeas Corpus for Hearing and Release as per 28 USC 2255 per 28 USC 1652 and N.C. Article 2.15A Jurisdiction" (Doc. 28);

- "Administrative Notice; In the Nature of Writ of Error Coram Nobis & a Demand for Dismissal or State the Proper Jurisdiction" (Doc. 29);

- "Motion for Judicial Notice and Demand for Full Disclosure Under Brady/Giglio on All Attorney/Lawyer and Pursuant Rule 26. Duty to Disclose; General Provisions Governing Discovery, Rule 37. Failure to Make Disclosures or to Cooperate in Discovery, Sanctions" (Doc. 30);

- "Pray for Habeas Corpus for Hearing and Release as per 28 USC

1

2255 per 28 USC 1652 and N.C. Article 2.15A Jurisdiction" (Doc. 31);

- "Administrative Notice; In the Nature of Writ of Error Coram Nobis & a Demand for Dismissal or State the Proper Jurisdiction" (Doc. 32);

- "Motion for Judicial Notice and Demand for Full Disclosure Under Brady/Giglio on All Attorney/Lawyer and Pursuant Rule 26. Duty to Disclose; General Provisions Governing Discovery, Rule 37. Failure to Make Disclosures or to Cooperate in Discovery, Sanctions" (Doc. 33);[1] and

- "Pray for Show Cause, Why a for Habeas Corpus Hearing Should Not Be Given" (Doc. 35).

The Government has communicated to the undersigned's chambers by email that the Government does not intend to respond to the Motions.[2]

Local Criminal Rule 47.1(d) requires that, unless otherwise directed by the Court, the Government must respond to all potentially dispositive defense motions. The Government generally is not, however, required to respond to *pro*

---

[1] Documents 31, 32, and 33 appear to be additional copies of Documents 28, 29, and 30.

[2] It did not appear that defense counsel was copied on that message. The undersigned presumes that this oversight was inadvertent but will nonetheless take this opportunity to remind the parties respectfully that, unless expressly allowed by law, all positions taken with regard to pending motions must be stated on the record.

*se* motions filed by a criminal defendant who is still represented by counsel and who has not formally waived his or her right to counsel after appearing before a judicial officer and being fully advised of the consequences of waiver, again unless directed to do so by the Court.

To ensure that both sides have been given an appropriate opportunity to be heard with regard to the Motions, the Court will consolidate and extend the Government's response deadlines and will also provide a specific deadline for defense counsel to reply.

**IT IS THEREFORE ORDERED THAT**:

1. The Government's deadline to respond to all of the Motions is **CONSOLIDATED** and **EXTENDED** (where necessary) to and including November 16, 2022. This Order does not specifically direct the Government to respond to any of the Motions but clarifies the deadline by which it must do so if the Government chooses to respond.

2. Defense counsel is granted leave to file a reply to any response that may be submitted by the Government. Such a reply must be filed no later than November 18, 2022. This Order pertains only to defense counsel and not to Defendant herself.

Signed: November 15, 2022

W. Carleton Metcalf
United States Magistrate Judge