This prisoner writes in regards to self representation. As is on the record, repeated requests have been made to represent herself. The prisoner has 'let go' and fired the Bar attorneys on several occasions. They will not comply therefore are biased and guilty of constitutional violations under Venue and 11th Amendment, 28 USC 453, 5 USC 3331-3333 & 5507, 22 CFR 93.1-93.2, 28 USC 1608

Under Rule 4j, the attorneys are a Foreign State 'entity' 28 USC 1330. They have no criminal jurisdiction in North Carolina. Per the Supreme Court, attorneys can not be forced. At no time did this prisoner waive all rights or give this Foreign Court permission or consent to a bar attorney. Per 4i or j, 28 USC 1608 the court can not trick or use deceptive practices to get this party to accept a <u>foreign attorney</u> without <u>full disclosure</u>. Please refer to Brady/Giglio and Removal Objecting Bar Attorney filings 11/7/22 and 11/28/22. Willful violations 143 D-12, Rule 26, Rule 37, Disclosures and accountability. Their allegience is first to the court, then public, and not to this prisoner Corp's Juris Secundum Body of Law Volume 7 Section 4 Rule .0501

The attorneys of this court have broken Legislative Law, committed violations of their oath which are Acts of Congress. 15 Statutes at Large violations and this party's constitutional rights per 36 USC 70503, 36 USC 70501, 15 USC 1-7, Rule 17, 28 USC 1608 4j. Perjury has been committed under oath Article 2 Section 34.

Any attorney that refuses to uphold and defend the United States Constitution and North Carolina Constitution disqualifies and fires themselves. The attorneys have threatened, traumatized, coerced, manipulated, forced this party which are grounds for dismissal under the Habeas Corpus filing 70503 dated 11/7/22.

They failed to comply with proper service 4i or j 28 USC 1608; No criminal jurisdiction; FSIA. See Coram Nobis filing 11/7/22. 215A 102 through 130.

Page 1 of 2

The petitioner is a non-corporate entity and not registered with any Secretary of State. Bar attorneys can not represent a non corporate entity 28 USC 1602-1611. 36 USC 70501 Rule 12(b)(6) 28 USC 1330. Service of process and jurisdiction IRC 7701(a)(5) Fed Civ P.4(i) and 4(d)(3). 28 USC 1602. This prisoner addresses federal judicial procedure and no criminal jurisdiction. See Habeas Corpus filing 11/7/22.

The attorney's own case law is a corporation and can't represent itself. There are defects in the attorney's paperwork. The case law where they create their own law does not apply to this petitioner. They do not have a Federal Bar License. They have broken their own laws which are Acts of Congress by failing to disclose true jurisdiction (violation of 15 Statutes at Large Ch. 249 Sec 1).

They denied this prisoner's protected rights under 18 USC 241 and 242. See filing clerks office 11/21/22. The Supreme Court has ruled time + time again the state can not license the practicing of law. License of bar attorneys are given by private organization; by private contract. 84.15 84.2. Also willful violation 18 USC 1346, please see filing 11/28/22.

Additionally, the attorneys have made slanderous and false remarks including defamation of character. See filing 11/28/22. Therefore, demanding full removal of all bar attorneys and full reinstatement of all documents filed under Criminal Rule 12B by this petitioner.

This prisoner is fully competent and has full rights to be heard according to the law. The court is suppose to protect constitutional rights under 36 USC 70503 15 USC 1-7 Rule 17 28 USC 453. Right of Evidence. 402 501 143-47.6 Article 2B. CR 12B

This prisoner stands on the North Carolina Constitution, Bill of Rights, and the US Constitution as the foundation of authority. The request to self representation is the final decision and fully supported by the Constitution in which all public officers are sworn to uphold and defend. 18 USC 1918. 18 USC 4. 28 USC 453. David Wilson 'last name of mercy'

page 2 of 2                12/5/22