UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. |
| | ) | 1:22CR72 |
| vs. | ) | |
| DARRIS GIBSON MOODY, | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTION TO THE PSR

The probation officer correctly applied a 2-level enhancement for obstruction of justice due to Moody's willful failure to appear at her arraignment hearing on October 14, 2022. The applicable guideline clearly indicates that the enhancement should apply when a defendant willfully fails to appear for a scheduled court appearance, and considerable resources were spent to re-apprehend the Defendant as a result.

Failing to appear for court as instructed is sufficient to trigger the enhancement. *See* § 3C1.1, Appl. Note 4(E) ("[E]xamples of the types of conduct to which this adjustment applies [include] willfully failing to

appear, as ordered, for a judicial proceeding"). Contrary to what the Defendant suggests, the guideline does not require aggravating circumstances to apply. *United States v. Dunham,* 295 F.3d 605, 609 (6th Cir. 2002) ("the defendant's [unjustified] failure to appear is, by itself, sufficient to satisfy the government's burden that defendant willfully obstructed or impeded the administration of justice") (*cited with favor by United States v. Hess*, 402 Fed.Appx. 751, 753 (4th Cir. 2010) (unpublished), and *United States v. Lara*, 472 Fed.Appx. 247, 249 (4th Cir. 2012)). It is undisputed that the Defendant failed to appear as instructed for her arraignment on October 14, 2022; that, in response, the Magistrate Judge issued a bench warrant for her arrest; that federal agents arrested her at her home; and that the arraignment hearing had to be rescheduled until October 26, 2022. The Defendant's willful non-appearance obstructed justice by wasting the Court's time and requiring a second arrest. The probation officer correctly applied the enhancement.

    Furthermore, the United States expended considerable resources to re-apprehend the Defendant following her willful failure to appear. Due to the Defendant's expressed sovereign ideology and her many

statements indicating her belief that neither state nor federal law applied to her, the FBI and the USMS exercised great care and planning when arresting her a second time. The operation involved approximately five FBI agents, two Deputy U.S. Marshals, and three Haywood County Sheriff's deputies. An FBI agent knocked on the Defendant's door for approximately 15 minutes without response until an agent saw the Defendant through a window. Agents were about to force entry into her home when the Defendant's husband finally opened the door for them. When taken into custody, the Defendant falsely claimed that she had not been properly served with papers to appear in court and that she had been "under duress" by the Court when she appeared at her initial appearance and detention hearing. All told, the operation to re-arrest the Defendant occupied ten law enforcement officers for approximately half a day. The Sentencing Guidelines do not require the Government to demonstrate that the Defendant's behavior caused a detrimental impact on the pursuit of justice, yet they did in fact.

The probation officer correctly assessed the Defendant a 2-level enhancement for her conduct, so the Government respectfully requests that the Court overrule that objection.

The Government will file a sentencing memorandum at the appropriate time and reserves the right to argue for additional variances or departures at that time.

RESPECTFULLY SUBMITTED, this the 17th day of March, 2023.

DENA J. KING
UNITED STATES ATTORNEY

/s/ Don Gast
_____

DON GAST
ASSISTANT UNITED STATES ATTORNEY
N.C. Bar Number: 23801
100 Otis Street, Suite 233
Asheville, NC 28801
Telephone: (828) 271-4661
Facsimile: (828) 271-4670
Don.Gast@usdoj.gov